# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**MICHEAL A. MUSARRA**                                                **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 4:22CV-P171-JHM**

**KEVIN MAZZA *et al.***                                         **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the following reasons, the Court will dismiss this action.

### I.

Plaintiff is an inmate at the Green River Correctional Complex (GRCC). He sues Kevin Mazza, the Warden of the Northpoint Training Center[1]; Patrick Kessinger, a Deputy Warden at GRCC; Jennifer Buchannon, the Fiscal Manager at GRCC; and Donald Holmes, the Recreation Director at GRCC. He sues each Defendant in his or her individual and official capacities.

Plaintiff states that he "purchased a guitar from Guitar Center Inc. (A.K.A.) Musician's Friends through the Recreation Department at [GRCC]." He reports that the total cost was $149.43, which was deducted from his inmate trust account. He states that when he received the guitar in December 2021 he "discovered it to be defective" and that it "did not play correctly through the amplifiers in the Band Room, even after trying every possible configuration." Plaintiff reports that he showed Defendant Holmes the defective guitar and that Holmes decided it could be returned for repairs so he gave Defendant Holmes the guitar to send it back.

---

[1] Plaintiff does not explain why he is suing the Warden of the Northpoint Training Center, but the Court presumes that Mazza for formerly employed at GRCC.

Plaintiff asserts that Defendant Holmes "took the guitar to the finance officer to be sent out. There the guitar sat there for approximately 5 months and during all that time Plaintiff was wondering why it was taking so long to return." He later learned from a corrections officer that it was still sitting in the GRCC warehouse in April 2022. Plaintiff reports that this exceeded the 45-day return policy but that the Guitar Center reimbursed the funds for the guitar to GRCC's Finance Office. He states, "As of yet, [GRCC] still has not refunded the purchase price. Therefore, Plaintiff is requesting that [GRCC] reimburse the price of the guitar plus tax which the Plaintiff paid for." He also requests damages for "the mental distress and anguish in the amount of $2000.00."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff's claim for the alleged loss of his personal property does not give rise to a constitutional violation actionable under § 1983. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (*rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). To assert a claim for deprivation of property without due process under § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id*. at 1066. The Sixth Circuit has held that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

Thus, because Plaintiff has adequate state law remedies for the alleged loss of property, he fails to state a constitutional claim upon which relief may be granted. *See Jones v. Scroggy*, 840 F.2d 17 (6th Cir. 1988) (affirming dismissal of plaintiff's claim that prison officials failed to recover a radio and head phones stolen from him by another inmate because the state provided adequate post-deprivation remedies).

## IV.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date: May 5, 2023

*Joseph H. McKinley Jr.*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.010